IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JEROME MCCURRY                                                                                   PETITIONER
REG # 34380-044

vs.                                  Civil Case No. 2:10CV00082 SWW-JTK

T.C. OUTLAW, Warden
FCI - Forrest City                                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Jerome McCurry, a federal inmate, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging a decision of the Bureau of Prisons (BOP) to deny him early release consideration under the Residential Drug Abuse Program (RDAP) and 18 U.S.C. § 3621(e).[1] For the reasons that follow, the petition is dismissed with prejudice.

---

[1] Petitioner is now housed at CCM St. Louis. *See* http://www.bop.gov. There is no question that, at the time the petition was filed, Petitioner was incarcerated at FCI Forrest City. Thus, at the time the current petition was filed, the Court could properly exercise jurisdiction

Before addressing Petitioner's habeas petition, the Court will briefly review the relevant procedural history of the case. Petitioner is serving a sixty (60) month sentence with a four (4) year term of supervised release from the Eastern District of Missouri for knowingly and intentionally possessing with the intent to distribute five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack). (DE # 5-2, Declaration, at 2)  He was sentenced on January 25, 2008, and committed to the custody of the BOP and transported to the medium security facility at FCC Forest City on March 19, 2008.  *Id.*  Petitioner's projected release date is March 21, 2012.  *See* http://www.bop.gov.

Petitioner completed drug education and participated in the RDAP.  The BOP deemed Petitioner ineligible for early release consideration due to a prior conviction in Missouri for second degree assault.  (See DE # 5-2, Declaration, at 2) According to Petitioner, he has not been provided a rational explanation for exclusion from early release, claiming his due process and equal protection rights have been violated by the BOP's discriminatory practice that prohibits violent offenders from early release consideration under 18 U.S.C. § 3621. (DE #1, Petition, at 1)

---

over the § 2241 action. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (the proper respondent in a habeas action is the petitioner's "immediate custodian" at the time of filing).  A petitioner's post-filing transfer does not generally defeat jurisdiction. *See McCoy v. United States Board of Parole,* 537 F.2d 962, 966 (8th Cir.1976) (the federal court for the district where a prisoner was incarcerated when he filed his habeas corpus petition does not lose jurisdiction when the prisoner is transferred to another district while his petition is still pending).

At the time of filing, Petitioner admittedly had not exhausted his administrative remedies, and Respondent answered that the petition should be dismissed as a result. (DE #5, Response, at 1) Courts require prisoners to exhaust administrative remedies before considering the petition on its merits. This rule is judicially created and driven by prudential concerns such as efficiency and respect for prison administration. *See Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007). Because this rule of exhaustion is judicially created, it does not affect the jurisdiction of the Court. Therefore, a failure to exhaust does not prevent a Court from deciding the petition on its merits. *Id.* Moreover, when a petition is dismissed for failure to exhaust, the remedy is dismissal without prejudice, and a prisoner might complete administrative remedies and, upon exhaustion, may potentially refile the petition. *See United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000).

In his traverse, Petitioner noted that a response to his appeal from the BOP Central Office was imminent. (DE #6, Traverse, at 2) Respondent thereafter provided the Court with the Central Office's appeal denial, dated December 30, 2010. (DE #9-1, Exhibit A) Both Petitioner and Respondent have provided sufficient evidence that Petitioner has, since the filing of the petition, exhausted his administrative remedies. This Court will assume strictly for the sake of argument that, if it had dismissed the petition without prejudice prior to exhaustion, Petitioner would have diligently refiled his petition. Thus, under these circumstances, the Court finds it appropriate to consider the petition on its merits.

The BOP offers the RDAP to inmates identified as having a substance abuse problem. As an incentive for successful completion of the program, Congress enacted 18 U.S.C. § 3621(e), which allows the BOP to reduce nonviolent offenders' sentences by up to one year upon completion of the program. 18 U.S.C. § 3621(e)(2)(B). The BOP retains broad discretion to determine who among those statutorily eligible inmates are appropriate candidates for early release. *Bellis v. Davis*, 186 F.3d 1092, 1094 (8th Cir. 1999). Some inmates are categorically ineligible for early release, including inmates who have a prior felony or misdemeanor conviction for aggravated assault or a current felony conviction for an offense "that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another[.]" *See* 28 C.F.R. § 550.55(b)(4)(iv) and (b)(5)(i).

Here, Petitioner provides that he is trying to rehabilitate himself by participating in the RDAP and that the BOP has not provided him a rational explanation for denying his efforts at rehabilitation. Petitioner has a prior felony conviction from Missouri for second degree assault, defined under that state's statute section 565.060 as the attempt to kill or knowingly or recklessly cause serious physical injury to another. The BOP compared the language of this statute to the FBI's Uniform Crime Reporting (UCR) definition of aggravated assault,[2] which the BOP has adopted, to determine that Petitioner's prior conviction precluded him from early release eligibility consideration. (*See* DE #5-2,

---

[2]The FBI's UCR defines aggravated assault as "an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury." (*See* DE #5-2, Declaration, at 3)

Declaration, at 3) Petitioner asserts that this exclusion from eligibility for early release is in violation of due process and equal protection rights.[3]

First, there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Trobaugh v. Hawk*, 19 Fed. Appx. 461, 462 (8th Cir. 2001) (noting that "Section 3621(e) creates no protected liberty interest in receiving a sentence reduction") (citation omitted). Further, the BOP is not required to reduce an inmate's sentence upon completion of the program and has discretion to determine eligibility.[4] *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("[w]hen an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."). Accordingly, there is no vested liberty interest on which to base a due

---

[3]In *Fisher v. English*, 2011 WL 3206966 (D. Minn. June 14, 2011), the Court noted that, in *Gatewood v. Outlaw*, 560 F.3d 843 (8th Cir. 2009), *cert. denied*, 130 S.Ct. 490 (2009), the Eighth Circuit stated that a determination or decision of the BOP is not reviewable by a court under the Administrative Procedure Act (APA) and specifically does not apply to "early release decisions." *Fisher*, 2011 WL 3206966, at *4 (citing *Gatewood*, 560 F.3d at 846 n. 2). However, citing *Sesler v. Pitzer*, 110 F.3d 569 (8th Cir. 1997), the Court recognized its limited judicial review to determine whether the BOP's actions exceeded the agency's statutory authority or violated the Constitution. In *Sesler*, the Court did not reach the jurisdictional issue because it concluded on the merits that prisoners convicted of 18 U.S.C. § 924(c)(1) offenses were clearly ineligible for § 3621(e)(2)(B) sentence reductions. *Fisher*, 2011 WL 3206966, at *4. While it appears here, as in *Fisher*, that Petitioner is challenging the BOP decision applying 28 C.F.R. § 550.55 to him, the Court recognizes that it may not have jurisdiction to review the challenge to the BOP's decision. Nevertheless as in *Sesler* and *Fisher*, because this Court has determined on the merits that the BOP's determination should be upheld, it will not reach the jurisdictional issue.

[4]At the time of filing, Petitioner had not successfully completed the RDAP. Even if the Court was assured that Petitioner would complete, if he has not already, the RDAP, it is the BOP, and not the Court, that is in the best position to assess any reduction in sentence.

process claim. *See Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007) ("The grant of discretion to the BOP in § 3621(e)(2)(B) indicates that no entitlement and, hence, no liberty interest, was created."); *Dozier v. Daniels*, 139 Fed. Appx. 902, 903 (9th Cir. 2005) (noting that prisoners have "no liberty interest in the discretionary sentence reduction available under 18 U.S.C. § 3621(e)(2)(B)."). Second, Petitioner's equal protection argument fails because he has not alleged that he was treated differently from any person similarly situated to him. *See Zacher v. Tippy*, 202 F.3d 1039, 1046 (8th Cir. 2000); *Hosna v. Groose*, 80 F.3d 298, 304 (8th Cir. 1996). Moreover, Petitioner is not alleging a suspect classification, a protected class or a fundamental constitutional right, and the Eighth Circuit has held that prisoners are not a protected class. *Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998). He has not pointed to any other individual or group of individuals serving the same sentence for the same crime who were deemed by the BOP to be eligible for a one-year sentence reduction for completion of the RDAP. Finally, even if Petitioner had identified any other similarly situated inmate, he has not demonstrated that the allegedly unequal treatment was the result of intentional or purposeful discrimination. *See Klinger v. Department of Corrections*, 31 F.3d 727, 731, 733 (8th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995) (noting that, absent a threshold showing that he is similarly situated to those who allegedly receive favorable treatment, petitioner does not have a viable equal protection claim and also that petitioner must also "show intentional or purposeful discrimination.").

Based on the foregoing, the Court finds that the petition lacks merit. Accordingly,

IT IS THEREFORE ORDERED that this case be, and it is hereby, dismissed with prejudice.

The relief prayed for is denied.

SO ORDERED this 27th day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE